## CLUTSAM v. CHAPMAN.

(Supreme Court, Appellate Term, Second Department.    October 25, 1912.)

1. JUDGMENT (§ 684*)—RES JUDICATA—IDENTITY OF PARTIES.

Where, in an action against a tenant for rent, a subtenant was merely served with the answer and a notice of vouching in, and judgment was entered by default upon a failure of either to appear, such subtenant was no party to the cause, and the judgment entered would not be res judicata in a subsequent action by an assignee of the tenant to recover rent under the sublease.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1207; Dec. Dig. § 684.*]

2. JUDGMENT (§ 684*)—RES JUDICATA—IDENTITY OF CAUSE.
   A default judgment, entered for plaintiff in an action against a tenant for rent, in which the only matters adjudicated were as to whether the defendant executed the lease and had paid the rent, is not res judicata in an action by an assignee of the tenant against a subtenant to recover rent, in which a defense of constructive eviction by a failure to supply heat was interposed.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1207; Dec. Dig. § 684.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by H. Stanley Clutsam against Charles McC. Chapman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1912, before PUTNAM, CRANE, and ASPINALL, JJ.

E. Crosby Kindleberger, of New York City, for appellant.

Wm. S. Pettit, of Far Rockaway, for respondent.

ASPINALL, J. This action was brought by the plaintiff, as assignee of Elizabeth F. Dalton, a tenant of the Varuna Investing Company, to recover the sum of $202.50 for rent under a written sublease from March 15 to May 1, 1912, for a furnished apartment on the tenth floor of the premises 225 West Eightieth street, in the borough of Manhattan, known as the Varuna apartment house. The defendant interposed an answer, admitting the making of the lease, but setting up as a defense that he was evicted from the premises by reason of the plaintiff's failure to furnish sufficient heat, so that the same were unfit for human habitation. The action was tried by the court below without a jury, and resulted in a judgment in favor of the plaintiff for the full amount claimed. The evidence adduced during the progress of the trial shows that the defendant was constructively evicted from the premises by reason of the lack of heat, and that the apartment was so cold after his return from Europe as to be unfit either for him or his family to occupy. This evidence will be found in the record entirely uncontradicted.

[1, 2] However, a judgment roll in a former suit, brought by the Varuna Investing Company against Elizabeth F. Dalton, was received in evidence. In the absence of any opinion by the court, it appears to have been held that the judgment rendered against Mrs. Dalton in that action was conclusive and binding upon the defendant in this case. The action brought against Mrs. Dalton was to recover two months' rent of these same premises, due March 1 and April 1, 1912. Mr. Chapman was served with the answer of Mrs. Dalton to said action, and also with a notice of vouching in; but upon the day of the trial neither Mrs. Dalton or Mr. Chapman appeared, and judgment was taken against Mrs. Dalton by default. The introduction of this judgment roll was error. The defendant in this action was not a party to the Varuna Investing Company action against Mrs. Dalton, nor did the proof in that case show that there was any liability over from Mr. Chapman to Mrs. Dalton. In fact, the question as to whether or not there was sufficient heat to make the apartment habitable

was not touched upon or litigated in that action at all. The plaintiff merely took an inquest on default, and the question of heat was not raised. The only question litigated in that action was: Did Mrs. Dalton execute the lease, and had she paid the rent? The judgment roll in the Varuna Investing Company suit against Dalton was not res judicata as against the defendant in this action, and should have been excluded.

Judgment reversed, and new trial granted; costs to abide the event.

PUTNAM and CRANE, JJ., concur.